JOURNAL ENTRY AND OPINION
{¶ 1} Appellant-Defendant Donovan Clarke ("Appellant") appeals from his sentence imposed by the Cuyahoga County Court of Common Pleas. For the reasons set forth below, we affirm.
 {¶ 2} On September 11, 2002, the Cuyahoga County Grand Jury indicted Appellant on eight counts: one count of possession of drugs, in violation of R.C. 2925.11, with a major drug offender specification; one count of preparation of shipment, in violation of 2925.03(A)(2), with a major drug offender specification; one count of selling or offering to sell, in violation of 2925.03(A)(1), with a major drug offender specification; one count of drug possession, in violation of 2925.11; one count of drug trafficking, in violation 2925.03(A)(2); one count of drug possession, in violation of 2925.11(C)(4)(e), with a firearm specification; one count of drug trafficking in violation of 2925.03(C)(4)(f), with a Juvenile specification; and one count of possession of criminal tools, in violation of R.C. 2923.24. Appellant pled not guilty on all counts.
 {¶ 3} On February 23, 2003, Appellant withdrew his formerly entered pleas of not guilty and pled guilty solely to Count Seven of the indictment, drug trafficking with a Juvenile Specification, in violation of R.C. 2925.03, the Juvenile Specification having been deleted. As the amended charge was a first degree felony, punishable by a mandatory term of three to ten years imprisonment, the State agreed to nolle the remaining indictments in exchange for an agreed six-year sentence, less time served.
 {¶ 4} The record reveals that during the plea hearing, the trial court read the indictment and the prosecutor read into the record the exact details of the negotiated plea. Prior to accepting Appellant's plea, the court questioned the Appellant as to his education, age and sobriety. The court then explained Appellant's constitutional rights, the charges against him, and the potential penalties associated with the first degree felony. Appellant iterated that he understood that he had entered into an agreed-upon six-year sentence, less time served, and confirmed that he had discussed the same with his counsel. Accordingly, the court imposed the jointly recommended sentence.
 {¶ 5} It is from this sentence that Appellant appeals and submits a single assignment of error for our review, which states:
 {¶ 6} "The trial court erred in not sentencing Defendant-Appellant to a minimum term of imprisonment when it did not follow the statutory requirements of R.C. 2929.14(B)."
 {¶ 7} Essentially, the Appellant maintains that the trial court was required to impose the shortest prison term authorized because Appellant had not previously served a term of imprisonment. In asserting this proposition, Appellant urges us to apply R.C. 2929.14(B), which provides: "(B) Except as provided in division (C), (D)(1), (D)(2), (D)(3), or (G) of this section, in section 2907.02 of the Revised Code, or in Chapter 2925 of the Revised Code, if the court imposing a sentence upon an offender for a felony elects or is required to impose a prison term on the offender, the court shall impose the shortest prison term authorized for the offense pursuant to division (A) of this section, unless one or more of the following applies: (1) The offender was serving a prison term at the time of the offense, or the offender previously had served a prison term. (2) The court finds on the record that the shortest prison term will demean the seriousness of the offender's conduct or will not adequately protect the public from future crime by the offender or others."
 {¶ 8} R.C. 2929.14(B), however, is not applicable to the case subjudice because the Appellant affirmatively and voluntarily agreed to the court imposed sentence. To allow Appellant to challenge the appropriateness of the agreed-upon sentence would violate R.C. 2953.08(D), which provides: "A sentence imposed upon a defendant is not subject to review under this section if the sentence is authorized by law, has been recommended jointly by the defendant and the prosecution in the case, and is imposed by a sentencing judge. A sentence imposed for aggravated murder or murder pursuant to sections 2929.02 to 2929.06 of the Revised Code is not subject to review under this section."
 {¶ 9} As this court stated in State v. Kimbrough (Mar. 2, 2000), Cuyahoga App. Nos. 75642, 75643 75644: "The plain language of R.C.2953.08(D) states that, as long as a jointly recommended sentence is authorized by law, the appellate court may not review the sentence. A sentence is authorized by law under R.C. 2953.08(D) as long as the prison term imposed does not exceed the maximum term proscribed by the statute for the offense. [citations omitted]."
 {¶ 10} In the instant case, the Appellant's sentence was authorized by law. The six-year sentence did not exceed the maximum sentence of ten years for drug trafficking, a first degree felony. Further, the record reveals that the prosecutor and Appellant jointly recommended the six-year sentence to the trial court. Only after the Appellant voiced his understanding and agreement to the terms, did the trial court impose the agreed-upon sentence. Therefore, in accordance with R.C. 2953.08, we may not review Appellant's sentence. Consequently, Appellant's sole assignment of error is without merit and is overruled.
Judgment affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Common Pleas Court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Calabrese, Jr., J., concurs.
 Karpinski, J., concurs. (see attached concurring opinion)
 CONCURRING OPINION